JUDGE CEDARBAUM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

08 CV 0049

PAUL ANDERSON,

                        Plaintiff,

      -against-

CITY OF NEW YORK, GABRIEL VAZQUEZ
(Shield No. 112), "JOHN" BESOM, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                        Defendants,

------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded



       Plaintiff PAUL ANDERSON, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.

### JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff PAUL ANDERSON is a permanent resident of the United States, and at all relevant times a resident of the City and States of New York.  At all relevant times herein, Anderson was a real estate agent doing work for ERA Besmatch.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department and New York City Department of Parks and Recreation, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9       That at all times hereinafter mentioned, the individually named defendants GABRIEL VAZQUEZ (Shield No. 112), "JOHN" BESOM, and JOHN and JANE DOE 1 Through 10, were duly sworn law enforcement officers of the New York City Department of Parks and Recreation and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said New York City Police Department and were acting under the supervision of said department and according to their official duties.

2

11.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

13.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

14.    On October 7, 2006 at approximately 1:40 p.m., plaintiff PAUL ANDERSON was lawfully present in front of 3486 For Independence Street, in the County of Bronx, City and State of New York.

15.    At the aforesaid time and place, plaintiff, a professional real estate agent, was holding an open house when defendants unlawfully and without reasonable suspicion or any just cause illegally and with the use of excessive force, stopped, questioned, seized, arrested the plaintiff, and intentionally applied excessively tight handcuffs. Thereafter, plaintiff was taken against his will to the NYPD 50th Precinct stationhouse. Due to the outrageous conduct of defendants, plaintiff suffered chest pains and shortness of breath and had to be taken via ambulance to the hospital. Plaintiff was thereafter returned to the 50th Precinct where he was detained in a cell and then transported to Bronx Central Booking. Plaintiff was held in Bronx

3

Central Booking overnight until the afternoon of October 8, 2006, when he was released from custody by a Criminal Court judge. Plaintiff was thereafter maliciously prosecuted in Criminal Court at the behest and urging of the defendants, who referred baseless criminal charges to the Bronx County District Attorney's Office for the malicious purpose of covering up the above-described unconstitutional acts. All of the criminal charges were finally dismissed and sealed on or about April 8, 2007.

16.    As a result of the foregoing, plaintiff PAUL ANDERSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, deprivation of his liberty and constitutional rights, loss of employment, interference with actual and prospective contractual relations, and special damages.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

17.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19.    All of the aforementioned acts deprived plaintiff PAUL ANDERSON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

4

attendant thereto.

21.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department and the New York City Department of Parks and Recreation, all under the supervision of ranking officers of said departments.

22.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (First Amendment Violation under 42 U.S.C. § 1983)

23.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    The defendants acted in a retaliatory manner in response to the plaintiff's exercise of his First Amendment rights so as to deprive the plaintiff of the aforementioned rights and privileges.

25..    As a result of the aforementioned conduct of defendants, plaintiff PAUL ANDERSON was subjected to a violation of his First Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

26.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.    The level of force employed by defendants was excessive and objectively

unreasonable, thereby violating plaintiff PAUL ANDERSON'S rights under the Fourth and Fourteenth Amendments.

28.     As a result of the aforementioned conduct of defendants, plaintiff PAUL ANDERSON was subjected to excessive force and sustained physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     The defendants unlawfully imprisoned the plaintiff PAUL ANDERSON against his will and without any probable cause, privilege or justification.

31.     As a result of the foregoing, plaintiff PAUL ANDERSON was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants had an affirmative duty to intervene on behalf of plaintiff PAUL ANDERSON, whose constitutional rights were being violated in their presence by other officers.

34.     The defendants failed to intervene to prevent the unlawful conduct described herein.

35.     As a result of the foregoing, plaintiff PAUL ANDERSON's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and subjected to excessive force.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants compelled plaintiff to defend charges in criminal court in an effort to cover up the above-described misconduct.

38.     Defendants caused plaintiff PAUL ANDERSON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff PAUL ANDERSON in New York City criminal court.

41.     Defendants thereby violated plaintiff's right to be free from malicious prosecution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

7

## AS AND FOR A NINTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

44.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

46.    As a result of the foregoing, plaintiff PAUL ANDERSON was deprived of his liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

47.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department and New York City Department of Parks and Recreation included, but were not limited to, unlawfully stopping, arresting, assaulting, battering and seizing innocent individuals, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff PAUL ANDERSON'S

8

rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, New York City Department of Parks and Recreation, and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PAUL ANDERSON.

51.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, New York City Department of Parks and Recreation, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PAUL ANDERSON as alleged herein.

52.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, New York City Department of Parks and Recreation, and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PAUL ANDERSON as alleged herein.

53.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, New York City Department of Parks and Recreation, and the New York City Police Department, plaintiff PAUL ANDERSON was unlawfully stopped, seized, assaulted and battered, detained and incarcerated.

54.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PAUL ANDERSON'S constitutional rights.

55.     All of the foregoing acts by defendants deprived plaintiff PAUL ANDERSON of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from false arrest;

C.     To be free from malicious abuse of process/malicious prosecution; and

D.     To be free from the use of excessive force and/or the failure to intervene.

56.     As a result of the foregoing, plaintiff PAUL ANDERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

62.     The action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     As a result of the foregoing, plaintiff PAUL ANDERSON was placed in apprehension of imminent harmful and offensive bodily contact.

65.     As a result of defendant's conduct, plaintiff PAUL ANDERSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants made offensive contact with plaintiff without privilege or consent.

68.     As a result of defendant's conduct, plaintiff PAUL ANDERSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

69.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

71.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

72.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

73.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff PAUL ANDERSON.

74.    As a result of the aforementioned conduct, plaintiff PAUL ANDERSON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

75.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Despite any probable cause, defendants caused plaintiff to be detained against his will, without privilege or consent.

77.    As a result of the aforementioned conduct, plaintiff PAUL ANDERSON was falsely arrested in violation of the laws of the State of New York.

## AS AND FOR AN THIRTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants caused plaintiff to be prosecuted in criminal court a by arresting.

80.    Defendants caused plaintiff PAUL ANDERSON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

their acts of brutality and abuse of authority.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
#### (Malicious Prosecution under 42 U.S.C. § 1983)

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff PAUL ANDERSON in criminal court.

83.     The aforementioned proceeding terminated in favor of plaintiff when the criminal charges were dismissed on or about April 8, 2007.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
#### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff PAUL ANDERSON.

86.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.                                          •

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
#### (Negligent Training and Supervision under the laws of the State of New York)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Upon information and belief the defendant City of New York failed to use

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff PAUL ANDERSON.

## AS AND FOR AN SEVENTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

92.     As a result of the foregoing, plaintiff PAUL ANDERSON is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE,** plaintiff PAUL ANDERSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

14

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      January 2, 2008

                                          LEVENTHAL & KLEIN, LLP
                                          45 Main St., Suite 230
                                          Brooklyn, New York 11201
                                          (718) 722-4100

                                        By: _____
                                            BRETT H. KLEIN

                                        Attorneys for Plaintiff PAUL ANDERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

PAUL ANDERSON,

                                          Plaintiff,

          -against-

CITY OF NEW YORK, GABRIEL VAZQUEZ
(Shield No. 112), "JOHN" BESOM, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                          Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Paul Anderson
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100