UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PAUL ANDERSON,

                            Plaintiff,

               -against-

CITY OF NEW YORK, GABRIEL VAZQUEZ (Shield No. 112), "JOHN" BESOM, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 0049 (MGC)(RLE)

Jury Trial Demanded

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purport to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purport to invoke the Court's jurisdiction as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purport to invoke the Court's jurisdiction as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purport to lay venue as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption as "GABRIEL VAZQUEZ (Shield No. 112)" and "'JOHN' BESOM" have not been served with process. Thus, they are not parties to this action.

5. Paragraph "5" of the complaint sets forth a jury demand to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department and a parks department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint regarding unidentified officers and admits that Gabriel Vazquez is an employee of the City of New York.

10. Paragraph "10" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11. Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12. Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

13. Paragraph "13" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was in the vicinity of 3486 For Independence Street on the date and time stated therein.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint, including all subparts.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on or about November 8, 2006.

59. Denies the allegations set forth in paragraph "59" of the complaint, except admits that plaintiff's claim has not been paid or adjusted.

60. Denies the allegations set forth in paragraph "60" of the complaint, except admits that plaintiff's complaint was filed on or about January 3, 2008.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint, except admits that plaintiff's purports to proceed as stated therein.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint, except admits that the criminal charges against plaintiff were dismissed on or about April 6, 2007.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in the second paragraph "90" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

92. Denies the allegations set forth in paragraph "91" of the complaint.

93. Denies the allegations set forth in paragraph "92" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

94. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

95.     Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

96.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

97.     There was probable cause for the plaintiff's arrest, detention, and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

98.     Plaintiffs cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

99.     At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 4, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel
                                of the City of New York
                                *Attorney for Defendant City of New York*
                                100 Church Street, Room 3-193
                                New York, New York 10007
                                (212) 788-1816

                    By:           /s/
                                _____
                                Gabriel P. Harvis (GH 2772)
                                Assistant Corporation Counsel
                                Special Federal Litigation Division

To:    Brett Klein, Esq. (by ECF)
         Leventhal & Klein, LLP
         *Attorneys for Plaintiff*
         45 Main St., Suite 820
         Brooklyn, NY 11201
         Fax: (718) 522-2026

08 CV 0049 (MGC)(RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL ANDERSON,

                                  Plaintiff,

                -against-

CITY OF NEW YORK, GABRIEL VAZQUEZ (Shield No. 112), "JOHN" BESOM, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Gabriel P. Harvis*
*Tel: (212) 788-1816*
*NYCLIS No. 2008001596*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................., 2008*

*................................................................. Esq.*

*Attorney for.............................................................*