UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

PAUL ANDERSON,

                    Plaintiff,

              -against-

CITY OF NEW YORK, GABRIEL VAZQUEZ (Shield No. 112), "JOHN" BESOM, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------------------- x

**ANSWER ON BEHALF OF VAZQUEZ AND BESOM**

08 CV 0049 (MGC)(RLE)

Jury Trial Demanded

Defendants Gabriel Vazquez and Elizabeth Besom,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purport to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purport to invoke the Court's jurisdiction as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purport to invoke the Court's jurisdiction as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purport to lay venue as stated therein.

---

[1] Being sued herein as ""John" Besom."

5.      Paragraph "5" of the complaint sets forth a jury demand to which no response is required.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department and a parks department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified officers and admit that Gabriel Vazquez and Elizabeth Besom are employees of the City of New York.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12.     Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

13.     Paragraph "13" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was in the vicinity of 3486 Fort Independence Street on the date and time stated therein.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

18.     Paragraph "18" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.   To the extent a response is required, defendants deny the allegations.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.    In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27.    Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.     In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint, including all subparts.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "58" of the complaint, except admit that a document purporting to be a notice of claim was received by the City of New York on or about November 8, 2006.

59.     Deny the allegations set forth in paragraph "59" of the complaint, except admit that plaintiff's claim has not been paid or adjusted.

60.     Deny the allegations set forth in paragraph "60" of the complaint, except admit that plaintiff's complaint was filed on or about January 3, 2008.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint, except admit that plaintiff purports to proceed as stated therein.

63.     In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.    In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

67.    Deny the allegations set forth in paragraph "67" of the complaint.

68.    Deny the allegations set forth in paragraph "68" of the complaint.

69.    In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70.    Deny the allegations set forth in paragraph "70" of the complaint.

71.    Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint.

73.    Deny the allegations set forth in paragraph "73" of the complaint.

74.    Deny the allegations set forth in paragraph "74" of the complaint.

75.    In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

76.    Deny the allegations set forth in paragraph "76" of the complaint.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

79.    Deny the allegations set forth in paragraph "79" of the complaint.

80.    Deny the allegations set forth in paragraph "80" of the complaint.

81.     In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint, except admit that the criminal charges against plaintiff were dismissed on or about April 6, 2007.

84.     In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     In response to the allegations set forth in the second paragraph "90" of the complaint,  defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

92.     Deny the allegations set forth in paragraph "91" of the complaint.

93.     Deny the allegations set forth in paragraph "92" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

94.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

95.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

96.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

97.     There was probable cause for the plaintiff's arrest, detention, and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

98.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

99.     Plaintiff may have failed to comply with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

100.     Defendants Besom and Vazquez have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**WHEREFORE,** defendants Gabriel Vazquez and Elizabeth Besom request

judgment dismissing the complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 29, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel
                                      of the City of New York
                                      *Attorney for Defendants*
                                        100 Church Street, Room 3-193
                                      New York, New York 10007
                                      (212) 788-1816

                  By:              /s/
                                    _____
                                    Gabriel P. Harvis (GH 2772)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:    Brett Klein, Esq. (by ECF)
       Leventhal & Klein, LLP
       *Attorneys for Plaintiff*
       45 Main St., Suite 820
       Brooklyn, NY 11201
       Fax: (718) 522-2026

08 CV 0049 (MGC)(RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL ANDERSON,

                              Plaintiff,

                    -against-

CITY OF NEW YORK, GABRIEL VAZQUEZ
(Shield No. 112), "JOHN" BESOM, and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                              Defendants.

**ANSWER ON BEHALF OF VAZQUEZ AND
BESOM**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Gabriel P. Harvis*
*Tel:  (212) 788-1816*
*NYCLIS No. 2008001596*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................ , 2008*

*......................................................................... Esq.*

*Attorney for ...........................................................*